*Hardin, for appellant.*

---

## I. W. THEIRMAN ET AL., *v.* W. F. COLDEWAY.

**Allotments Under Partition.**

Where one of several tenants in common improves a portion of the common estate he is entitled, upon a partition being had to have that part allotted to him, if it can be done without injustice to his co-tenants, and in making partition the property should be valued exclusive of such improvements.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 11, 1879.

OPINION BY JUDGE COFER:

Only Mrs. Theirman and the three bankrupts, represented now by their assignees, were bound on the lease, and the covenant to purchase and pay for the appellee's improvements at the termination of his lease. The other children of Henry Theirman were not liable to the lessee, who would have been compelled to look alone to the four adults who were bound on the lease and covenants contained in it. As these latter were therefore alone responsible for the value of the improvements put upon the lot by their lessee, they should be entitled to the benefit of the improvements. If the three bankrupts had with their own means erected the improvements there could be no serious question of their right in a partition between themselves and their co-parceners to have the improved lot set apart to them and have it valued as if unimproved. That one of several tenants who improves a portion of the common estate is entitled in partition to have that part improved allotted to him if it can be done without injustice to his co-tenants, is a proposition too obvious to require either argument or the citation of authorities. It would seem to be equally manifest that in making partition the property should be valued exclusive of his improvements. In that way only can he get that which in equity and good conscience is his own, and in no other way can the other tenants be prevented from getting something which does not belong to them.

The buildings erected by the appellee, though not erected at the cost of Mrs. Theirman, Herman W. Theirman, W. G. Theirman and Henry Theirman, Jr., were erected under a contract with them which bound them and them only to pay for the improvements, and therefore it was imperatively demanded by the plainest principles of natural justice that in making partition the chancellor, if he could do so without violating established principles of law, should so partition the property as to give to those who are liable for the value of the improvements the benefit of them. This has been done not only without violating any principle of law, but in exact accordance with a well established rule applicable to the partition of real estate.

No question between landlord and tenant arises in this case. Mrs. Theirman and her three sons, who became bound with her on the lease, were appellee's landlords. They procured him to make the

improvements and became bound to pay him for them. They do not complain that the chancellor has so partitioned the estate as to protect their tenant, and these appellants who have received such a full share of the real estate of their ancestor, in the condition in which he left it to them, have no right to claim the benefit of meliorations made on a part of it at the expense of their co-tenants, and which has not and never can cost them one cent, and which are not on their land.

The judgment must be *affirmed*.

*Lane & Harrison, for appellants.   B. Bacon, for appellee.*